OSTER, A DIVISION OF SUNBEAM CORPORATION, and National Union Fire Insurance Company, Plaintiff/Appellants,

v.

Geneva A. YATES, Defendant/Appellee.

No. 01S01–9204–CV–00048.

Supreme Court of Tennessee, at Nashville.

Dec. 28, 1992.

Daniel H. Rader, III, Moore, Jones, Rader & Clift, Cookeville, for plaintiff/appellants.

Daniel L. Wischhof, Donald D. Zuccarello, Law Office of Bart Durham, Nashville, for defendant/appellee.

### ORDER

PER CURIAM.

This case is before the Court upon the entire record, including the Order of referral to the Special Workers' Compensation Appeals Panel, and the Panel's Memorandum Opinion setting forth its findings of fact and conclusions of law, which are incorporated herein by reference;

Whereupon, it appears to the Court that the Memorandum Opinion of the Panel should be accepted and approved and published; and

It is, therefore, ordered that the Panel's findings of fact and conclusions of law are adopted and affirmed, and the decision of the Panel is made the judgment of the Court.

Before DROWOTA, J., and JOE C. LOSER, Jr., and WILLIAM H. INMAN, Special Judges.

### MEMORANDUM OPINION

JOE C. LOSER, Jr., Special Judge.

This workers' compensation appeal has been referred to the Special Workers' Compensation Appeals Panel of the Supreme Court in accordance with Tenn.Code Ann. § 50–6–225(e)(3) for hearing and reporting to the Supreme Court of findings of fact and conclusions of law.

In this case, the employer questions the award of benefits based on 45% permanent partial disability to the body as a whole and the award of discretionary costs. The Panel finds (1) the finding of permanent partial disability to the body as a whole should be affirmed, but the amount thereof should be modified, and (2) the award of discretionary costs should be reversed.

It is undisputed that the employee, Geneva A. Yates, suffered an injury by accident arising out of and in the course of her employment with the employer, Oster, on August 25, 1989, that she returned to work on February 12, 1990 and that all of her temporary total disability benefits and medical benefits to the date of trial have been paid.

She was working with both arms over her head, when there was a sudden onset of pain in her neck, then down the arm and into her hand, with numbness and tingling in her thumb and index finger. She had no previous neck problems.

She was first seen by Dr. Haynes, an orthopedic surgeon, who diagnosed employee as having degenerative disc disease in her cervical spine. When conservative care did not relieve her symptoms, Dr. Haynes referred the employee to Dr. Vaughn Allen, a neurosurgeon.

Dr. Allen's diagnosis was a pinched cervical nerve, which diagnosis was confirmed by a myelogram on September 27, 1989. She was readmitted to the hospital on Octo-

ber 11, 1989, and underwent a cervical laminectomy performed by Dr. Allen.

She was released from Dr. Allen's care on March 16, 1990 with a final weight lifting limitation of "30 pounds repetitive and 30 to 40 pounds occasional." It was Dr. Allen's opinion that Ms. Yates would retain, on the basis of AMA guidelines, an eight percent permanent impairment to the body as a whole as a result of the injury. The doctor also testified that the employee should not lift more than 30 pounds repetitively, 45 to 50 pounds on an occasional basis or work for prolonged periods of time above the shoulder level because "extension of her neck would elicit pain in her neck and carries the possibility of re-injury."

At the time of the trial, Ms. Yates was forty-five years old and a high school graduate. She has done light factory work since 1964. She has returned to work at Oster and has received two raises since the injury. She occasionally works overtime. She has been employed at Oster for seventeen years and has a record of above average attendance. She is able to do the work assigned to her but has occasional neck and shoulder pain. She has not missed any work since February 12, 1989 and appears to be a valued and reliable employee of Oster.

Dr. Allen described Ms. Yates as "an excellent patient with a good attitude who tried to get back to work and has apparently successfully done so."

 The party claiming the benefits of the Workers' Compensation Act has the burden of proof to establish her claim by a preponderance of all the evidence. *Roark v. Liberty Mutual Ins. Cos.*, 793 S.W.2d 932 (Tenn.1990). We have carefully studied this record and, although we find evidence of some industrial disability, we are persuaded that the evidence preponderates against an award based on forty-five percent permanent, partial disability to the body as a whole.

 Employer next insists that it should not have been taxed with employee's trial preparation expenses, consisting of $84.00 for the costs of transcribing Dr. Allen's deposition, $35.00 for a copy of the employee's discovery deposition, $10.00 for a copy of Dr. Allen's medical records and $2.69 for a copy of the first injury report from the Department of Labor.

Tenn.R.Civ.P. 54.04(2) provides as follows:

(2) A party who desires to recover discretionary costs or any recoverable costs not included in the bill of costs prepared by the clerk of the trial court shall move the court to assess discretionary costs and attach thereto an itemized and verified bill of costs. The affidavit shall be made by the party or his duly authorized attorney or agent having knowledge of the facts, certifying that such items of costs are accurate and were reasonable and necessary to preparation and trial of the case and that the services for which such fees have been charged were actually performed. The motion shall be filed as a post trial motion pursuant to Rule 59.01.

The rule was cited with approval in *Lock v. Nat. Union Fire Ins. Co. of PA*, 809 S.W.2d 483 (Tenn.1991), in which case a post trial motion was filed in strict compliance with Rule 59.01, as required.

In the present case, at the conclusion of the hearing, employee's attorney orally moved to have discretionary costs taxed against the employer. No affidavits were filed and no hearing relative to the reasonableness or necessity of the claimed expenses was held. The matter was not treated as a post trial motion. In short, employer was not given a reasonable opportunity to prepare and present its defenses and objections to the motion. Under these circumstances, we are persuaded that the allowance of discretionary costs was an abuse of discretion.

## FINDINGS AND CONCLUSION

Since this injury occurred after July 1, 1985, appellate review, pursuant to Tenn. Code Ann. § 50–6–225(e), is *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the findings below, unless the preponderance

of the evidence is otherwise. This standard requires us to weigh in more depth factual findings and conclusions of the trial court. *Lock v. Nat. Union Fire Ins. Co. of Pa,* 809 S.W.2d 483 (Tenn.1991).

It is the opinion of the panel that the evidence preponderates against the finding of the trial judge that Geneva A. Yates has a retained permanent partial disability of forty-five percent to the body as a whole. However, it is the finding of the panel that she has a retained permanent partial disability of twenty-five percent to the body as a whole, for which she should be compensated at her agreed compensation rate.

We modify the judgment and fix the percentage of permanent partial disability at twenty-five percent rather than forty-five percent as fixed by the trial judge; and we reverse the trial court's award of discretionary costs.

The matter is remanded for a proper hearing on employee's application for discretionary costs and such other further proceedings, if any, as may be necessary. The costs of this appeal are taxed one-half each to the plaintiff and defendant.

DROWOTA, J., and WILLIAM H. INMAN, Special Judge, concur.