# IN THE COURT OF APPEALS OF TENNESSEE,
## AT NASHVILLE

FILED

**April 29, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

_____

|  |  |  |
|---|---|---|
| | ) | |
| **GARY MILTON JONES**, | ) | Davidson County Circuit Court |
| | ) | No. 97D-2191 |
| Plaintiff/Appellant. | ) | |
| | ) | |
| VS. | ) | C.A. No. 01A01-9806-CV-00298 |
| | ) | |
| **MARY FRANCES JONES**, | ) | |
| | ) | |
| Defendant/Appellee. | ) | |
| | ) | |

_____

From the Circuit Court of Davidson County at Nashville.
**Honorable Muriel Robinson, Judge**

**Joe P. Binkley, Sr.**, Nashville, Tennessee
**Karla C. Hewitt**, HATCHETT & HEWITT, Nashville, Tennessee
Attorneys for Plaintiff/Appellant.

No Appearance by Defendant/Appellee

OPINION FILED:

**AFFIRMED AS MODIFIED AND REMANDED**

**FARMER, J.**

**CRAWFORD, P.J., W.S.**: (Concurs)
**LILLARD, J.**: (Concurs)

Defendant Gary Milton Jones (Husband) appeals the final decree of divorce entered by the trial court which awarded $5000 in marital property to Plaintiff/Appellee Mary Frances Jones (Wife), awarded the Wife $1700 in attorney's fees, and ordered the Husband to pay court costs and court reporter expenses. We affirm the final divorce decree, with one modification.

The parties were married in August 1996 and separated in July 1997. At the time of the parties' marriage, the Husband lived with his mother in her home. The parties knew that the Husband's mother was terminally ill with cancer, and the Wife agreed to move into the home and to help care for her mother-in-law during her illness. Unfortunately, acrimony developed almost immediately between the Wife and the Husband's mother. This acrimony marked the beginning of the end of the parties' short-lived marriage.

In July 1997, the Husband filed a complaint for divorce alleging that the Wife had been guilty of inappropriate marital conduct. Alternatively, the Husband alleged that the parties were unable to live together due to irreconcilable differences but that the parties had not yet entered into a marital dissolution agreement.

The Wife filed a response in which she denied the allegations of the Husband's complaint (with the exception of the statistical information), denied the asserted grounds for divorce, and denied that the Husband was entitled to any of the relief sought in his complaint. The Wife's response contained no prayer for specific or general relief. The only relief requested by the Wife was contained in a separately-filed motion wherein she sought alimony *pendente lite*.

After conducting a bench trial, the trial court entered a final decree of divorce in which it ordered the Husband to pay to the Wife $5000 representing her interest in the marital property, to be paid at the rate of $208.33 per month for a period of twenty-four months, ordered the Husband to pay the Wife's attorney's fees in the amount of $1700, and ordered the Husband to pay court costs and court reporter expenses.

The Husband has appealed, arguing that the trial court erred in awarding the Wife marital property and attorney's fees when the Wife failed to ask for such relief in her response to the

Husband's complaint for divorce. Based on this same reasoning, the Husband also contends that the trial court erred in requiring him to pay the court costs and court reporter expenses in this case. In support of these arguments, the Husband cites this court's decision in *Fenley v. Fenley*, No. 03A01-9604-CH-00121, 1996 WL 469683 (Tenn. App. Aug. 19, 1996), wherein we stated that

> [i]t has long been the law in this state that a judgment beyond the pleadings or issues tried by consent, is not valid. *Brown v. Brown*, 281 S.W.2d 492, 497 (Tenn. 1955); . . . .
>
> A party is entitled to notice that an issue will be tried by the court. It is axiomatic that without such notice, a party is at a disadvantage in preparing for trial. It is hard to defend against a claim or request that you do not know is going to be litigated. As the Supreme Court in the *Brown* case said:
>
>> The policy underlying the rule seems to be that since the purpose of pleadings is to give notice to all concerned regarding what may be adjudicated, a judgment beyond the scope of the pleadings is beyond the notice given the parties and thus should not be enforced.

*Fenley*, 1996 WL 469683, at \*3 (quoting *Brown*, 281 S.W.2d at 497) (other citations omitted). Relying on the foregoing principles, this court reversed that portion of the trial court's order modifying the father's visitation rights because that issue was neither raised by the parties' pleadings nor tried with the parties' implied consent.

We agree with the principles set forth by this court in *Fenley*. We disagree, however, with the Husband's contention that these principles mandate reversal of the final divorce decree entered in this case. As this court held in *Moore v. Moore*, 1988 WL 63498, at \*3 (Tenn. App. June 24, 1988), rule 54.03[1] of the Tennessee Rules of Civil Procedure "permits trial courts to grant

---

[1]As pertinent, rule 54.03 provides that

> [e]xcept as to a party against whom a judgment is entered by default, ***every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings***; but the court shall not give the successful party relief, though such party may be entitled to it, where the propriety of such relief was not litigated and the opposing party had no opportunity to assert defenses to such relief.

T.R.C.P. 54.03 (emphasis added).

relief and enter judgment on issues tried by consent even if they were not embodied in the pleadings." Accordingly, a final divorce decree will not be reversed on the ground that it grants greater relief than that sought by the parties' pleadings if the record shows that the issues were tried with the parties' consent. *Moore*, 1988 WL 63498, at *3. After carefully reviewing the record in this case, we conclude that the issues of property division and attorney's fees were tried with the parties' consent.

Although the Wife failed to request any specific or general relief in her response to the Husband's divorce complaint, the record reflects that the Husband was on notice that the Wife was seeking a portion of the marital estate and her attorney's fees. The record contains a certificate of readiness for trial, signed by counsel for both parties, which certified "that a list of assets including marital property, separate property and inherited property, and a proposed division, has been filed with the court or will be filed by court date." The proposed division of assets subsequently filed by the Wife indicated that the Wife was seeking a portion of several properties which were titled in either the Husband's name or both parties' names. These properties included proceeds from the sale of Central Parking stock, USA Floral stock, an A.G. Edwards and Sons portfolio, an A.G. Edwards IRA, the Husband's NationsBank investment account, and the Husband's NationsBank pension plan. In response, the Husband filed his own proposed division of assets which contended that he should be awarded all interest in the foregoing assets. The pretrial information filed by the parties, pursuant to local rule 22,[2] revealed that both parties were aware that the distribution of these assets was in dispute. The Husband's pretrial information additionally revealed that the Wife previously had requested the Husband to pay her attorney's fees.

Moreover, the record reflects that these issues were tried below without the objection of either party. In her opening argument, counsel for the Wife affirmed that the Wife was seeking a portion of the foregoing stocks and investment accounts. During the evidentiary portion of the trial, counsel for the Wife elicited the Wife's testimony that she was asking the trial court to award her a share of these assets, as well as her attorney's fees. The Wife testified that her attorney's fees totaled $1700. The Wife's counsel also elicited testimony from the Husband on cross-examination

---

[2]*See* Davidson County Cts. R. 22.

whereby he acknowledged that, during the parties' marriage, (1) the Husband's NationsBank pension plan increased in value by over $13,000, (2) the Husband's A.G. Edwards IRA increased in value by at least $1200 in one calendar quarter alone, (3) the Husband used marital income to acquire stocks valued at approximately $4000, and (4) the Husband closed out a joint savings account containing more than $3200.

On direct examination, counsel for the Husband elicited the Husband's testimony that he did not think the Wife deserved any interest in the disputed assets because of her minimal contributions to the marriage. Significantly, however, during the trial the Husband raised no objection to the Wife receiving a share of the marital property or her attorney's fees on the ground that she failed to request such relief in her pleadings. Counsel for the Husband did not raise this objection during opening arguments, during the parties' testimony on these issues, or at the conclusion of trial when the trial court orally announced its rulings from the bench. The Husband did not raise this objection until he filed his motion to alter or amend the judgment. *See* T.R.C.P. 59.04. This motion came after the trial court entered its judgment awarding the Wife $5000 in marital property and $1700 in attorney's fees.

The procedural posture of this case is similar to that of ***Fulks v. Fulks***, 1989 WL 122979 (Tenn. App. Oct. 18, 1989), ***perm. app. denied*** (Tenn. Jan. 2, 1990). In ***Fulks***, this court rejected the husband's contention that the trial court erred in awarding alimony to the wife when alimony was not requested in the wife's complaint. ***Fulks***, 1989 WL 122979, at *3. Although the wife's complaint failed to request alimony, the proposal for property division filed by the wife prior to trial asserted that the wife was "entitled to in excess of one-half of the physical assets of the parties and, in addition thereto, substantial rehabilitative alimony" and periodic alimony. ***Id***., at *2. Citing rules 54.03 and 15.02[3] of the Tennessee Rules of Civil Procedure, we held that the issue of

---

[3]Rule 15.02 provides that

> ***[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings***. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; ***but failure so to amend does not affect the result of the trial of these issues***. Provided, however, amendment after verdict so as to increase the amount

alimony "should be treated [as] having been raised in the pleadings." *Id*., at *3. We reasoned that, under the circumstances, "the defendant had ample opportunity to assert defenses to the claim for alimony, even though no demand was made therefor in the complaint." *Id*.

In the present case, we conclude that the Husband similarly had ample opportunity to assert defenses to the Wife's claims for a portion of the parties' marital property and her attorney's fees, even though the Wife's response to the Husband's complaint failed to request such relief. The record reflects that both parties knew these issues would be disputed at trial and that they in fact litigated these issues. Inasmuch as the issues of property division and attorney's fees were tried with the parties' consent, we affirm that portion of the final decree disposing of these issues.

We likewise affirm that portion of the trial court's decree requiring the Husband to pay court costs. Tennessee Code Annotated section 20-12-119(a) provides that "[i]n all civil cases, whether tried by a jury or before the court without a jury, the presiding judge shall have a right to adjudge the cost." T.C.A. § 20-12-119(a) (1994). Rule 54.04(1) of the Tennessee Rules of Civil Procedure provides that "[c]osts included in the bill of costs prepared by the clerk shall be allowed to the prevailing party unless the court otherwise directs." T.R.C.P. 54.04(1). We believe that these provisions gave the trial court the authority to order the Husband to pay court costs regardless of whether the parties' pleadings requested such relief.

We reach a somewhat different conclusion, however, with regard to the award of court reporter expenses. Court reporter expenses are discretionary costs, which are allowable in the trial court's discretion if the requirements of rule 54.04(2) have been met. *See* T.R.C.P. 54.04(2). Rule 54.04(2) requires a party requesting discretionary costs to file and serve a motion within thirty

---

sued for in the action shall not be permitted. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice that party in maintaining the action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

T.R.C.P. 15.02 (emphases added).

days after entry of judgment. *Id*. In the present case, the Wife did not file and serve a post-trial motion for discretionary costs. Instead, at the conclusion of trial, the Wife's counsel orally requested that the Husband be required to pay the court reporter expenses.

Under similar circumstances, our supreme court has reversed an award of discretionary costs. In *Oster v. Yates*, 845 S.W.2d 215 (Tenn. 1992), the defendant's attorney orally moved to have discretionary costs taxed against the plaintiff at the conclusion of trial, and the trial court granted the request. Citing rule 54.04(2), the supreme court concluded that the trial court had abused its discretion in awarding discretionary costs. *Oster*, 845 S.W.2d at 217. The court explained that "[t]he matter was not treated as a post trial motion" as contemplated by rule 54.04(2) and that the plaintiff "was not given a reasonable opportunity to prepare and present its defenses and objections to the motion." *Id*.

Nevertheless, we decline to reverse the award of discretionary costs in this case. The record reflects that the Husband did not object to the Wife's request for discretionary costs at trial. Instead, counsel for the Husband indicated that he previously had agreed to share the court reporter expenses, and the Wife's counsel did not contradict this statement. Accordingly, we modify the final divorce decree to require the Husband to pay one-half of the court reporter expenses incurred at trial.

As modified, the final divorce decree is affirmed, and this cause is remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed to the Husband, for which execution may issue if necessary.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)

_____
LILLARD, J. (Concurs)